**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SUKHBIR SINGH TOOR, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22-1004 (RJL) |
| DAVID H. BERGER, | ) | |
| Commandant of the Marine Corps, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' ANSWER

All Defendants hereby submit their Answer to the Complaint, ECF No. 1, and respond to the numbered paragraphs of the Complaint as follows:

1.      Defendants admit that Plaintiffs have sought certain religious accommodations regarding their current or prospective service in the United States Marine Corps and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1.

2.      Denied.

3.      Paragraph 3 is denied as to the allegation that "Defendants claim Plaintiffs must abandon their religious faith."   The remainder of Paragraph 3 consists of Plaintiffs' characterization of Exhibit A to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

4.      Paragraph 4 consists of Plaintiffs' characterization of various unspecified Marine Corps uniform, grooming, and medical policies, which Defendants deny.

5.      Denied.

6.      Paragraph 6 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, except to admit that the cited judicial opinion contains the quoted language and to deny that the Marine Corps' adjudication of Plaintiffs' requests for religious accommodation are "illogical."

8.      Paragraph 8 is denied, except to admit that the Marine Corps is not a clone army and that its recruits are diverse.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, which refer to unspecified assertions by Defendants.

10.     Paragraph 10 is denied, except to admit that the Marine Corps recently modified its policies regarding administrative actions (e.g., separations and reenlistment eligibility) for Marines diagnosed with pseudofolliculitis barbae.

11.     Paragraph 11 is denied, except to admit that Exhibit C to the Complaint uses the term "combat zone" in reference to areas "when [] receiving hostile fire or imminent danger pay" and DoD FMR Vol. 7A, Ch.10 provides an accurate list of imminent danger pay areas.

12.     Paragraph 12 is denied, except to admit that commanders in imminent danger pay areas determine Mission-Oriented Protective Posture (MOPP) levels by continually monitoring the changing threat environment in order to identify the protective and vulnerability reduction measures necessary in these dynamic environments.

13.     As to the first sentence of Paragraph 13, Defendants admit that this lawsuit is not the first time religious accommodation requests have been made by Sikh individuals.  As to the fourth sentence of Paragraph 13, Plaintiffs' allegation consists of their characterization of a

separate lawsuit pending in this district, *Di Liscia v. Austin*, No. 21-cv-1047 (D.D.C.), which Defendants deny.  Defendants respectfully refer the Court to the docket of that litigation for a complete and accurate portrayal of the filings in that case.  Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 13.

14.     Defendants admit sentences one and two of paragraph 14 to the extent that the U.S. Naval Academy trains individuals that may ultimately be commissioned as officers in the Navy or Marine Corps, and not enlisted personnel.  Defendants deny sentence three of paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.     The first sentence of Paragraph 16 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.  The second sentence is denied.

17.     Denied.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Captain Toor is a devout Sikh.  The remainder of Paragraph 18 consists of Plaintiff's characterization of his claims and the relief sought, to which no response is required; to the extent a response may be deemed required, denied.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, except to admit that Captain Toor has been a Marine since 2017 and that he sought a religious accommodation in March 2021.  Defendants respectfully refer the Court to the cited accommodation request for a complete and accurate statement of its contents.

20.     Paragraph 20 is denied, except to admit that the Deputy Commandant for Manpower and Reserve Affairs issued a decision regarding Captain Toor's March 2021 request

3

for religious accommodation in June 2021, which is attached to the Complaint as Exhibit F. Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

21.     Defendants admit that Captain Toor served as a field artillery officer with 3rd Battalion, 11th Marines, at Marine Corps Air-Ground Combat Center Twentynine Palms, California, at the time of the Complaint's filing.

22.     Admitted.

23.     In response to Paragraph 23, Defendants admit that Captain Toor filed an administrative appeal and that the Marine Corps issued a decision on that appeal granting the relief requested in part.  These documents are attached as Exhibits G and H to the Complaint.  The remainder of Paragraph 23 consists of Plaintiffs' characterization of these documents, which Defendants deny.  Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

24.     In response to Paragraph 24, Defendants admit that Captain Toor sought further relief as to his religious accommodation, which is attached as Exhibit I to the Complaint.  The remainder of Paragraph 24 consists of Plaintiffs' characterization of this document, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

25.     In response to Paragraph 25, Defendants admit that the Marine Corps issued a further decision regarding Captain Toor's request for religious accommodation, which is attached as Exhibit C to the Complaint.   The remainder of Paragraph 25 consists of Plaintiffs' characterization of this document, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, which vaguely refers to the term "career differentiator." Defendants aver that the Marine Corps does not have a policy to consider combat service as a requirement for promotion.

27.     As to Paragraph 27, Defendants lack knowledge or information sufficient to form a belief concerning the Plaintiffs' desire to serve, but admit that the applicants have been determined to be "qualified applicants" for accession pursuant to Marine Corps Order 1730.9, thereby meeting the threshold for their religious accommodation requests to be considered.

28.     Paragraph 28 is denied, except to admit that Plaintiffs Milaap Singh Chahal, Jaskirat Singh, and Aekash Singh have been determined to be "qualified applicants" for accession pursuant to Marine Corps Order 1730.9.

29.     Paragraph 29 is denied, except to admit that the Delayed Entry Program allows certain recruits under certain circumstances to postpone recruit training for periods of time specified by Marine Corps policy.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.     Paragraph 31 consists of Plaintiffs' characterization of Exhibit J to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

32.     The first sentence of Paragraph 32 consists of Plaintiffs' characterization of Exhibit J to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of

Paragraph 32. The remainder of Paragraph 32 is denied, except to admit that the Marine Corps has not yet issued a decision on Plaintiff Milaap Singh Chahal's appeal filed October 21, 2021.

33. Admitted.

34. The first sentence of Paragraph 34 consists of Plaintiffs' characterization of Exhibit A to the Complaint, which Defendants deny. Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents. Defendants admit Plaintiff Jaskirat Singh filed an appeal on February 21, 2022.

35. Admitted.

36. Paragraph 36 consists of Plaintiffs' characterization of Exhibit P to the Complaint, which Defendants deny. Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

37. The first sentence of Paragraph 37 consists of Plaintiffs' characterization of Exhibit Q to the Complaint, which Defendants deny. Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents. Defendants admit Plaintiff Aekash Singh filed an appeal on March 8, 2022.

38. Paragraph 38 consists of Plaintiffs' characterization of Exhibits A, J, and Q, which Defendants deny. Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

39. Paragraph 39 is denied, except to admit that in certain circumstances, Marines may receive certain waivers from grooming standards regarding shaving for medical reasons.

40. Paragraph 40 consists of Plaintiffs' characterization of Exhibit T to the Complaint, which Defendants deny. Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents. Defendants admit that the Marine Corps

announced a change in policy regarding treatment of pseudofolliculitis barbae effective January 31, 2022.

41.     Paragraph 41 consists of Plaintiffs' characterization of Exhibit T to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

42.     Paragraph 42 consists of Plaintiffs' characterization of Exhibit U to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.   Defendants admit that the Navy announced a change in its policy regarding treatment of pseudofolliculitis barbae effective March 22, 2022.

43.     Paragraph 43 consists of Plaintiffs' characterization of Exhibit B and V to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.   Defendants admit that the Marine Corps recently modified its uniform and grooming policies with respect to female hairstyles and tattoos.

44.     Paragraph 44 consists of Plaintiffs' characterization of Exhibit W to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.   Defendants admit that the Marine Corps issued modifications to certain uniform and grooming policies on March 23, 2022.

45.     Paragraph 45 consists of Plaintiffs' characterization of Exhibit X to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

46.     Denied.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48.     Denied.

49.     Paragraph 49 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

50.     Paragraph 50 consists of legal conclusions to which no response is required; to the extent a response may be deemed required, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents and otherwise deny Paragraph 50.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Paragraph 58 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

59.     Paragraph 59 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied, except to admit that venue is proper in this District assuming the truth of the allegations in the Complaint.

60.     Defendants lack knowledge or information sufficient to form a belief about whether Plaintiff Captain Toor is a devout Sikh.  As to the remainder of Paragraph 60, Defendants admit

that Captain Toor is a United States Marine and that he was stationed at Twentynine Palms, CA, as of the date of the Complaint.

61.     Defendants lack knowledge or information sufficient to form a belief about whether Plaintiff Aekash Singh is a devout Sikh.  As to the remainder of Paragraph 61, Defendants admit that Plaintiff Aekash Singh has been determined to be a "qualified applicant" for accession pursuant to Marine Corps Order 1730.9.

62.     Defendants lack knowledge or information sufficient to form a belief about whether Plaintiff Milaap Singh Chahal is a devout Sikh.  As to the remainder of Paragraph 62, Defendants admit that Plaintiff Milaap Singh Chahal has been determined to be a "qualified applicant" for accession pursuant to Marine Corps Order 1730.9.

63.     Defendants lack knowledge or information sufficient to form a belief about whether Plaintiff Jaskirat Singh is a devout Sikh.  As to the remainder of Paragraph 63, Defendants admit that Plaintiff Jaskirat Singh has been determined to be a "qualified applicant" for accession pursuant to Marine Corps Order 1730.9 and that he has signed a Delayed Entry Program contract that, as of the date of the Complaint, required he enlist by April 30, 2022.

64.     Admitted.

65.     Admitted, except to deny that Secretary Austin is the only individual with responsibility for the operation and management of the United States military.

66.     Admitted, except to deny that the Department of Defense is the only entity responsible for the maintenance of the United States military.

67.     Admitted, except to deny that General Berger is the only individual responsible for the operation and management of the United States Marine Corps.

68.     Admitted, except to deny that Secretary Del Toro is the only individual responsible for the operation and management of the United States Navy.

69.     Admitted, except to deny that the Department of the Navy is the only entity responsible for the promulgation and administration of the grooming policies and regulations of the United States Marine Corps.

70.     Denied, except to admit that General Eric M. Smith is the Assistant Commandant of the Marine Corps, that he has authority to issue appeal decisions on requests for religious accommodation within the Marine Corps, that he issued such a decision in response to an appeal by Plaintiff Captain Toor, and that he is sued here in his official capacity.

71.     Denied, except to admit that Lieutenant General David A. Ottignon is the Deputy Commandant for Manpower and Reserve Affairs of the Marine Corps, that he has authority to issue decisions on requests for religious accommodation within the Marine Corps, that he issued such decisions in response to requests by Plaintiffs, and that he is sued here in his official capacity.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

75.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79.

80.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

85.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89, which vaguely refers to the effect of "[g]ranting religious accommodations" and which refers to unspecified statements of U.S. military leaders.

90.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96.

97.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97.

98.     Admitted.

99.     Paragraph 99 is admitted as of the date of the Complaint.

100.     As to Paragraph 100, it is admitted that Plaintiff Captain Toor has a positive record of service and he has been awarded the medals indicated, to include the Navy and Marine Corps Achievement Medal, which will be presented at an appropriate ceremony.  Defendants lack knowledge or information sufficient to form a belief about whether he has "served with courage and distinction at all times."

101.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101.

102.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102, except to admit that Plaintiff Captain Toor did not enter Officer Candidate School subject to any religious accommodation from uniform or grooming policy.

103.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103.

104.     Defendants admit that Plaintiff Captain Toor requested a religious accommodation to wear a *kara* between February 2 and March 1, 2019.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 104.

105.     Paragraph 105 is denied, except to admit that Plaintiff Captain Toor completed the necessary paperwork in May 2019 and his battalion and regimental commanders forwarded this request with favorable recommendations.

106.     Paragraph 106 is denied, except to admit that Plaintiff Captain Toor's Division Commander forwarded his request to the Deputy Commandant for Manpower and Reserve Affairs recommending approval.  Defendants aver that the Deputy Commandant for Manpower and Reserve Affairs conditionally approved the requested accommodation.

107.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107.

108.    Paragraph 108 consists of Plaintiffs' characterization of Exhibit E to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

109.    Paragraph 109 consists of Plaintiffs' characterization of Exhibit F to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

110.    Paragraph 110 consists of Plaintiffs' characterization of Exhibit F to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

111.    Paragraph 111 consists of Plaintiffs' characterization of Exhibit G to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

112.    Paragraph 112 consists of Plaintiffs' characterization of Exhibit H to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

113.    Paragraph 113 consists of Plaintiffs' characterization of Exhibit H to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

114.    Paragraph 114 consists of Plaintiffs' characterization of Exhibit I to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

115.    Paragraph 115 consists of Plaintiffs' characterization of Exhibit C to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

116.    Paragraph 116 consists of Plaintiffs' characterization of Exhibit C to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

117.    Paragraph 117 consists of Plaintiffs' characterization of Exhibit C to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

118.    Paragraph 118 consists of Plaintiffs' characterization of Exhibit C to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

119.    Denied.

120.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120, except to admit that Plaintiffs accurately summarizes the eligible locations for imminent danger pay and to deny Plaintiffs' characterization of CBRN risk in these locations.

121.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121, except to admit that Plaintiff Captain Toor participated in the identified training on January 18, 2022.

122.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122.

123.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123.

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124.

125.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125.

126.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126.

127.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127.

128.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128.

129.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129.

130.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130.

131.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131.

132.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132.

133.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133.

134.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134.

135.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135.

136.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136.

137.    Defendants admit that Plaintiff Milaap Singh Chahal submitted a pre-accession request for religious accommodation on March 1, 2021 via Major Cody L. Hardenburgh, which is attached to the Complaint as Exhibit BB.  The remainder of Paragraph 137 is denied.

138.    Defendants admit that as of June 30, 2021, Plaintiff Milaap Singh Chahal passed the ASVAB and did not require waiver from any other physical or medical standard for enlistment.

139.    Paragraph 139 is denied, except to admit that Plaintiff Milaap Singh Chahal was not permitted to enlist pending adjudication of his religious accommodation request.

140.    Admitted.

141.    Paragraph 141 consists of Plaintiffs' characterization of Exhibit J to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

142.    Paragraph 142 consists of Plaintiffs' characterization of Exhibit J to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.  Defendants admit that Plaintiff Milaap Singh Chahal's requested accommodation was denied with respect to recruit training.

143.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143, except to admit Plaintiff Milaap Singh Chahal's requested accommodation was denied with respect to recruit training.

144.    Paragraph 144 consists of Plaintiffs' characterization of Exhibit J to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

145.    Paragraph 145 consists of Plaintiffs' characterization of Exhibit J to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

146.    Admitted.

147.    Paragraph 147 is denied, except to admit that the Marine Corps has not yet issued a decision on Plaintiff Milaap Singh Chahal's appeal.

148.    Defendants admit that the Marine Corps has given extensive consideration to Plaintiff Milaap Singh Chahal's religious accommodation request.  Paragraph 148 is otherwise denied.

149.    Paragraph 149 is denied, except to admit that Plaintiff Milaap Singh Chahal's ASVAB test results from June 2021 will expire in June 2023.

150.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150.

151.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 151.

152.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152.

153.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153.

154.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154.

155.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155.

156.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156.

157.    Defendants admit that Plaintiff Jaskirat Singh has signed a Delayed Entry Program contract with the Marine Corps and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157.

158.    Paragraph 158 is denied, except to admit that Plaintiff Jaskirat Singh must ship to recruit training by October 24, 2022, under the terms of his Delayed Entry Program contract, as modified.

159.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 159.

160.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160.

161.    Defendants admit that Plaintiff Jaskirat Singh submitted a religious accommodation request on November 24, 2021, which is attached to the Complaint as Exhibit M.  The remainder of Paragraph 161 consists of Plaintiffs' characterization of his motivation for submitting the request, a matter the truth of which Defendants lack knowledge or information sufficient to form a belief about.

162.    Admitted.

163.    Paragraph 163 consists of Plaintiffs' characterization of Exhibit A to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

164.    Paragraph 164 consists of Plaintiffs' characterization of Exhibit A to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.  Defendants admit that Plaintiff Jaskirat Singh's requested accommodation was denied with respect to recruit training.

165.    Paragraph 165 consists of Plaintiffs' characterization of Exhibit A to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

166.    Paragraph 166 consists of Plaintiffs' characterization of Exhibit A to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

167.    Paragraph 167 consists of Plaintiffs' characterization of Exhibit A to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

168.    Defendants admit that the Marine Corps has given extensive consideration to Plaintiff Jaskirat Singh's religious accommodation request and that Plaintiff has filed an administrative appeal on February 21, 2022, which remains pending.  Paragraph 168 is otherwise denied.

169.    Paragraph 169 is denied.  Defendants aver that Plaintiff Jaskirat Singh's Delayed Entry Program contract will expire on October 29, 2022.

170.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170.

171.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171.

172.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 172.

173.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173.

174.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 174.

175.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 175.

176.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 176.

177.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 177.

178.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 178.

179.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 179.

180.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 180.

181.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 181.

182.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 182.

183.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 183.

184.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184.

185.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185.

186.    As to Paragraph 186, Defendants admit that Plaintiff Aekash Singh has been determined to be a "qualified applicant" for accession pursuant to Marine Corps Order (MCO) 1730.9 and that MCO 1730.9 was published July 12, 2021.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 186.

187.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187.

188.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 188.

189.    Defendants admit that Plaintiff Aekash Singh submitted a pre-accession request for religious accommodation on March 1, 2021 via Staff Sergeant Lawas, which is attached to the Complaint as Exhibit O.

190.    Defendants admit that Gary Ressing was the Acting Navy General Counsel. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 190.

191.    Defendants admit that Major General Lecce communicated with counsel for Plaintiff Aekash Singh and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 191.

192.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 192.

193.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193.

194.    Paragraph 194 consists of Plaintiffs' characterization of Exhibit P to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

195.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195.

196.    Defendants admit that Plaintiff Aekash Singh hand-delivered his religious accommodation request on or about October 13, 2021 and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 196.

197.    Paragraph 197 consists of Plaintiffs' characterization of Exhibit CC to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

198.    Paragraph 198 is denied, except to admit that MCO 1730.9 establishes procedures for the resolution of accommodation requests, including applicable timeframes.

199.     Paragraph 199 consists of Plaintiffs' characterization of Exhibit Q to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

200.     Paragraph 200 consists of Plaintiffs' characterization of Exhibit Q to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

201.     Paragraph 201 consists of Plaintiffs' characterization of Exhibit Q to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.  Defendants admit that Plaintiff Aekash Singh's requested accommodation was denied with respect to recruit training.

202.     Paragraph 202 consists of Plaintiffs' characterization of Exhibit Q to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

203.     Paragraph 203 consists of Plaintiffs' characterization of Exhibit Q to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

204.     Defendants admit that the Marine Corps has given extensive consideration to Plaintiff Aekash Singh's religious accommodation request.  Paragraph 204 is otherwise denied.

205.     Paragraph 205 is denied, except to admit that Plaintiff Aekash Singh's ASVAB test results from September 2020 will expire in September 2022.

206.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 206.  The remainder of Paragraph 206 consists of Plaintiffs' characterization of Exhibit DD to the Complaint, which Defendants deny.

Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

207.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 207.

208.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208, except to admit that Plaintiffs have attached two letters sent to the Department of the Navy as Exhibits EE and FF to the Complaint.  Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

209.    Paragraph 209 consists of Plaintiffs' characterization of a statute, which Defendants deny.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

210.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210, except to admit that the Department of Defense has updated and/or revised DoD Instruction 1300.17, most recently in September 2020.

211.    Defendants admit that the Department of Defense amended DoD Instruction 1300.17 in 2020.  Paragraph 211 otherwise consists of Plaintiffs' characterization of Exhibit Y to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

212.    Paragraph 212 consists of Plaintiffs' characterization of Exhibit Y to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

213.    Paragraph 213 consists of Plaintiffs' characterization of Exhibit V to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

214.    Paragraph 214 consists of Plaintiffs' characterization of Exhibit L to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

215.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215, which vaguely refer to unspecified "repeated[]" statements.

216.    Paragraph 216 consists of Plaintiffs' characterization of Exhibit L to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

217.    Paragraph 217 consists of Plaintiffs' characterization of Exhibits F and J to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

218.    Paragraph 218 is denied, except to admit that midshipmen at the U.S. Naval Academy may maintain beards and religious head coverings in certain circumstances and that some midshipmen commission as officers in the Marine Corps after their graduation from the Academy.

219.    Paragraph 219 consists of Plaintiffs' characterization of Exhibit C to the Complaint, which Defendants deny.   Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

220.    Denied.

221.    Denied.

222.    Defendants admit that Plaintiff Captain Toor participated in CBRN training and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 222.

223.    Denied.

224.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 224.

225.    Paragraph 225 consists of Plaintiffs' characterization of Exhibit L to the Complaint, which Defendants deny.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    In Paragraph 233, Plaintiffs incorporate by reference all preceding paragraphs. Defendants thus incorporate by reference here their answers to those paragraphs.

234.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 234.

235.    Paragraph 235 is denied, except to admit that Plaintiff Captain Toor currently serves as a Marine.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied

243.    Denied.

244.    In Paragraph 244, Plaintiffs incorporate by reference all preceding paragraphs. Defendants thus incorporate by reference here their answers to those paragraphs.

245.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 245.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Paragraph 250 asserts legal conclusions and vaguely refers to unspecified "categorical exemptions and individualized exemptions" and is accordingly denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.     Denied.

258.     Denied.

259.     In Paragraph 259, Plaintiffs incorporate by reference all preceding paragraphs. Defendants thus incorporate by reference here their answers to those paragraphs.

260.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 260.

261.     Denied.

262.     Denied.

263.     Denied.

264.     Denied.

265.     Denied.

266.     Denied.

267.     Denied.

268.     In Paragraph 268, Plaintiffs incorporate by reference all preceding paragraphs. Defendants thus incorporate by reference here their answers to those paragraphs.

269.     Denied.

270.     Denied.

271.     Denied.

272.     Denied.

273.     Denied.

274.     Denied.

275.     Denied.

276.     Denied.

277.     In Paragraph 277, Plaintiffs incorporate by reference all preceding paragraphs. Defendants thus incorporate by reference here their answers to those paragraphs.

278.     Paragraph 278 consists of legal conclusions, to which no response is required.

279.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 279.

280.     Denied.

281.     Denied.

282.     Denied.

283.     In Paragraph 283, Plaintiffs incorporate by reference all preceding paragraphs. Defendants thus incorporate by reference here their answers to those paragraphs.

284.     Denied.

285.     Denied.

286.     Denied.

287.     Denied.

288.     In Paragraph 288, Plaintiffs incorporate by reference all preceding paragraphs. Defendants thus incorporate by reference here their answers to those paragraphs.

289.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 289.

290.     Denied.

291.     Denied.

292.     Denied.

The final sections of the Complaint, titled "Prayer for Relief" and "Jury Demand," consists of Plaintiffs' request for relief and for a trial by jury, to which no response is required; to the extent a response is deemed required, denied.

Each and every allegation of the Complaint not heretofore expressly responded to is hereby denied.

## DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having answered, Defendants pray that:

1.      This Court enter judgment for Defendants and dismiss this action with prejudice; and

2.      Defendants be granted such further relief as the Court may deem just and proper.

Dated:  June 21, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

/s/ James R. Powers
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Fax: (202) 616-8460
Email: james.r.powers@usdoj.gov

Counsel for Defendants