# EXHIBIT 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SUKHBIR SINGH TOOR, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 22-cv-1004-RJL |
| DAVID H. BERGER, Commandant of the Marine Corps, *et al.*, | |
| Defendants. | |

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Under Federal Rules of Civil Procedure 26 and 33, Defendants, by and through counsel, provide the following objections and responses to Plaintiffs' First Set of Interrogatories.

### GENERAL OBJECTIONS TO INSTRUCTIONS, DEFINITIONS, AND ALL INTERROGATORIES

1. Defendants object to the definitions of "Defendants," "You," and "Your," and all interrogatories to the extent they require Defendants to provide information outside of the U.S. Marine Corps—*i.e.*, from the Department of Defense, Army, Navy, Air Force, Space Force, Coast Guard, and National Guard. Such information is extraordinarily overbroad and unduly burdensome. To respond to these broad interrogatories would require close coordination with dozens of components in other Services to interview potentially hundreds of custodians to locate potentially responsive information. *See, e.g.*, DoDI 1300.17, § 2.2. If such information can only be found in documents, Information Technology (IT) personnel may need to conduct numerous time-consuming digital searches and/or collections, which could take up to 21 days per custodial search/collection given the workloads of IT personnel. And even if relatively modest numbers of documents were extracted in the hopes of finding information response to these

1

interrogatories—even just 10,000 documents—it would take over 40 business days of nonstop review (at a rate of 30 documents per hour) to search these documents for any responsive information.

This is also disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations for recruit training in 2021 and 2022. The Marine Corps alone is responsible for administering religious accommodations for its servicemembers and applicants. *See* DoDI 1300.17, § 2.3(b); *id.* § 3. And Plaintiffs do not challenge the policies or practices of any other branch of the U.S. Armed Forces. Searching for responsive information outside of the Marine Corps is not only unduly burdensome—particularly given the extremely expedited Phase I discovery schedule—but is likely to yield information of tangential, if any, relevance to the claims at issue in this case, especially because the parties agree that the "core factual issues are not in dispute at this stage of the litigation." Rule 26(f) Report at 1, ECF No. 54. Discovery outside of the Marine Corps is therefore beyond the scope of discovery in this litigation, and the information provided below is consequently limited to information in the possession, custody, or control of the Marine Corps.

2.      Defendants object to all definitions and instructions—including Instruction Nos. 1 & 11—to the extent they attempt to propound additional interrogatories through Plaintiffs' definitions and instructions. Defendants will answer the interrogatories below as written, providing only the information requested therein.

3.      Defendants object to all definitions and instructions—including Definition Nos. 3 & 5—to the extent they conflict with plain English or would create ungrammatical constructions of interrogatories that would require Defendants to give multiple different readings to each interrogatory.  That constitutes an undue burden on Defendants and is disproportional to the needs of the case.  Defendants will answer the interrogatories below as written, providing only the information requested therein.

4.      Defendants object to all definitions, instructions, and interrogatories—including Instruction Nos. 1 & 2—to the extent they purport to require obligations inconsistent with or additional to those imposed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(b)(5).

5.      Defendants object to all interrogatories to the extent Plaintiffs will receive documents in response to their document requests related to the topic of any interrogatory.  In such instances, Defendants will proceed through the mechanism provided by Fed. R. Civ. P. 33(d).

6.      Defendants object to all interrogatories to the extent they seek information that is publicly available, readily accessible to Plaintiffs, or otherwise would be less burdensome for Plaintiffs to obtain than Defendants.  *See* Fed. R. Civ. P. 26(b)(2)(C).

7.      Defendants object to all interrogatories to the extent they go beyond "uniform and grooming standards at Marine Corps recruit training, the Government's grounds for maintaining those standards, and the Marine Corps' disposition of any requests for accommodation or deviation from those standards by recruits during recruit training."  Rule 26(f) Report at 6, ECF No. 54.  Any discovery beyond those topics is overly broad, unduly burdensome, and disproportional to the needs of the case, especially considering the extraordinarily expedited discovery schedule in this case and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation." *Id.* at 1.  As Defendants made clear from the beginning, "a necessary predicate to the workability of [the expedited discovery] schedule is that discovery should be narrowly limited in scope."  *Id.* at 5.

8.      Defendants object to all interrogatories to the extent they seek information concerning other aspects of U.S. Marine Corps service beyond recruit training.  Such information would be overbroad and unduly burdensome.  To respond to these broad interrogatories would require close coordination with various Marine Corps components

to interview potentially dozens of custodians to locate potentially responsive information. If such information can only be found in documents, Information Technology (IT) personnel may need to conduct numerous time-consuming digital searches and/or collections. And even if relatively modest numbers of documents were extracted in the hopes of finding information response to these interrogatories—even just 10,000 documents—it would take over 40 business days of nonstop review (at a rate of 30 documents per hour) to search these documents and find any responsive information.

This is also disproportional to the needs of the case—which involves the Marine Corps' denial of Plaintiffs' requests for accommodations for recruit training in 2021 and 2022—especially because the parties agree that the "core factual issues are not in dispute at this stage of the litigation." Rule 26(f) Report at 1, ECF No. 54. Searching for responsive information outside of Marine Corps recruit training is not only unduly burdensome—particularly given the extremely expedited Phase I discovery schedule—but is likely to yield information of tangential, if any, relevance to Phase I discovery. It would also be outside the agreement of the parties and the Court's order limiting Phase I discovery "to plaintiffs' claims concerning participation in recruit training." Minute Order (Sept. 22, 2022); Rule 26(f) Report at 3–8, ECF No. 54. Discovery outside of Marine Corps recruit training is therefore beyond the scope of Phase I discovery in this litigation, and the information provided below is consequently limited recruit training.

9.      Defendants object to all interrogatories to the extent they call for producing information that is not readily available from the Marine Corps' data systems and files. Such information would be overbroad, unduly burdensome, and disproportional to the needs of the case, especially because the parties agree that the "core factual issues are not in dispute at this stage of the litigation." Rule 26(f) Report at 1, ECF No. 54. To respond to these broad interrogatories already requires close coordination with certain Marine Corps components—including dozens of individuals—to locate potentially responsive information. If further information can only be found in documents, IT personnel may

need to conduct numerous time-consuming digital searches and/or collections on shared drives, SharePoint, or emails.  Searches of shared drives and Sharepoint can only search files names, not the content of documents.  So Marine Corps personnel would need to either (a) look through individual files one-by-one to find responsive information; or (b) collect all documents in these locations (totaling hundreds of gigabytes of data), export it to into the search platform, run keyword searches, and review some subset of these documents.  As noted above, either of these approaches would likely take, at a minimum, many weeks.  The same is true for responsive information found in emails, which would also need to be collected (totaling hundreds of gigabytes of data), exported, searched, and reviewed.  This is even more onerous for emails before December 2020, which were kept in an on-premises-only environment and may need to be collected from individual users, rather than from a central IT collection.  In responding to these interrogatories Defendants have therefore provided only readily available information, such as information from known and discrete shared drives, SharePoint locations, and databases.

10.    As discussed further below, Defendants object to all interrogatories to the extent they exceed the number of interrogatories, inclusive of discrete subparts, that Plaintiffs may serve under the Court's Minute Order (Sept. 22, 2022) and Federal Rule of Civil Procedure 33.

11.    Each and every response contained herein is subject to the above objections, which apply to each and every response, regardless of whether a specific objection is interposed in a specific response.  The making of a specific objection in response to a particular request is not intended as a waiver of any other objection not specifically referenced in the particular response.

12.    Defendants reserve the right to supplement their interrogatory responses.  Defendants also specifically reserve the right to make further objections as necessary to the extent additional issues arise regarding the meaning of and/or information sought by discovery.

### PRELIMINARY STATEMENT REGARDING COMPOUND INTERROGATORIES

"When Rule 33(a) was amended to limit the number of interrogatories that can be propounded, the draftsmen appreciated that the numerical restriction could be evaded by 'joining as "subparts" questions that seek information about discrete separate subjects.'" *Banks v. Off. of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004) (quoting Fed. R. Civ. P. 33, advisory committee's note).  That's why the numerical limitation in the rule includes "all discrete subparts."  Fed. R. Civ. P. 33(a)(1).  Here, by improperly styling as one interrogatory as numerous separate inquiries, Plaintiffs have propounded far more than the number of interrogatories permitted by the Court.  *See* Minute Order (Sept. 22, 2022) (limiting the parties to 15 interrogatories).

Although formulations vary, "subparts that are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 196 (E.D. Tex. 2016) (Bryson, Cir. J.).  But "where the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within it."  *Id.* (citation omitted); *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005) ("[O]nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated."); *Smith v. Cafe Asia*, 256 F.R.D. 247, 254 (D.D.C. 2009) (same).  This approach, "combined with an eye toward the pragmatic considerations, provides the best vehicle for remaining faithful to the policies intended to be served by the numerical limitation in Rule 33(a)(1)." *Eli Lilly*, 315 F.R.D. at 197 (Bryson, Cir. J.); *Banks*, 222 F.R.D. at 10 (emphasizing a "pragmatic approach").

Applying these principles, courts have re-numbered interrogatories in a manner that comports with Rule 33(a).  *See Smith*, 256 F.R.D. at 254; *Willingham*, 226 F.R.D. at 59;

*Banks*, 222 F.R.D. at 11.  Defendants have done the same, as shown in the bracketed numbering below.  They have answered the first 15 interrogatories in order (or declined to answer based on other objections where appropriate) but have not answered any further interrogatories.

### OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**Interrogatory No. 1:**
[1] Identify each and every grooming and/or uniform accommodation, waiver, and/or exemption granted by any Defendant—whether formally or informally—in the past 15 years, including but not limited to religion or medical beards, tattoos, female hair.  For each of the above identified accommodations, waivers, or exemptions, please state the following: (a) the name of the individual who received the accommodation, waiver, and/or exemption; (b) the rank and position/assignment of the individual at the time the accommodation, waiver, and/or exemption was granted; [2] (c) the nature of and reason for the accommodation, waiver, and/or exemption; [3] (d) the duration of the accommodation, waiver, and/or exemption; [4] (e) the current rank and assignment of the recipient if the accommodation, waiver, and/or exemption continues to date; (f) the highest rank achieved by the recipient if they are no longer in military service; [5] (g) any reports or data relied upon in the decision making process; and [6] (h) any reasons identified as permitted basis for rescinding the accommodation, and how rescinding would take place (including who must order rescission).

**Objections to Interrogatory No. 1:** Defendants incorporate by reference their prior objections.

As explained above, Defendants object to Plaintiffs' characterization of this interrogatory as one interrogatory, when it contains at least six "discrete subparts," marked in brackets above.  Fed. R. Civ. P. 33(a); *Banks*, 222 F.R.D. at 10 (while parties may generally "subdivide interrogatories so that after they introduce a topic, they demand to know in detail all the particulars about it," that "approach ends [ ] the moment the interrogatory introduces a new topic that is in a distinct field of inquiry").  Defendants will therefore consider this interrogatory to count as six interrogatories for purposes of the 15-interrogatory limit established by the Court's Minute Order (Sept. 22, 2022).

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files, including information dating back to 2007, information regarding tattoo waivers, and "any reports or data relied upon in the decision making process" for "each and every grooming and/or uniform accommodation, waiver, and/or exemption."  As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for religious accommodations in 2021 and 2022.  For example, just since November 2019, Marine Corps Recruiting Command records indicate that more than 21,700 tattoo waivers have been considered for prospective recruits.  Providing information based on these waiver requests would be extremely burdensome and vastly disproportional to the needs of the case.  This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation."  Rule 26(f) Report at 1, ECF No. 54

Defendants also object to the extent this interrogatory calls for information outside of Marine Corps recruit training.  As explained in General Objection Nos. 1 & 8, such information—especially in the context of an interrogatory asking for "each and every grooming and/or uniform accommodation, waiver, and/or exemption" for the last 15 years—is grossly overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in recruit training.

Defendants further object to the generic phrase "grooming and/or uniform accommodation, waiver, and/or exemption" as vague and ambiguous.  This does not provide Defendants an adequate basis upon which to search the myriad commands, offices, and components of the Marine Corps for responsive information.  This interrogatory's

reference to "female hair" is similarly vague and ambiguous, as it simply refers to the hair of one gender.  Defendants are not aware of any process for waiver from the hair length or style component of the grooming standards except insofar as hair length or style may be a component of a request for religious accommodation.  So Defendants construe this request to seek information regarding medical waivers from shaving requirements and requests for exemptions from uniform and grooming standards based on religion.

**Response to Interrogatory No. 1:** Subject to and without waiving the above objections, below is a table showing requests for religious-based exemptions from uniform and grooming standards in Marine Corps recruit training for the last 10 years.  Every individual listed is an applicant to recruit training or Officer Candidate School, so their "current rank and assignment" and "highest rank achieved" are not applicable.

Because every individual listed is an applicant to recruit training or Officer Candidate School, they likewise all have the same "reasons identified as permitted basis for rescinding the accommodation, and how rescinding would take place."  Accommodations may be rescinded in two circumstances.  First, in emergency situations where there are exigent circumstances and there is operational necessity—and no less restrictive means of religious accommodation are available—commanders at the battalion or squadron level may temporarily modify or suspend the accommodation.  Second, upon receipt of a permanent change of station (PCS) or a permanent change of assignment (PCA), the new commander could request that the approval be considered for modification, suspension, or rescission due to mission requirements at the new assignment.  Any such request must be routed to the adjudication or appellate authority who granted the approval.  Requestors will be given an opportunity to provide comment before the adjudication or appellate authority decides.

CONFIDENTIAL

| Name | Nature of requested accommodation | Limitations | Duration of accommodation |
|------|-----------------------------------|-------------|---------------------------|
| ███ | ██████████ | ██████████ | ██████████ |
| ███ | ██████████ | ██████████ | ██████████ |
| ███ | ██████████ | ██████████ | ██████████ |
| ███ | ██████████ | ██████████ | ██████████ |

CONFIDENTIAL



Defendants anticipate that further information responsive to this interrogatory, to the extent it is not privileged, may be derived from a review of certain documents that will be provided to Plaintiffs in upcoming document productions. *See, e.g.*, Defs.' Resp. to Pls.' Req. for Produc. Nos. 8–10. Defendants will supplement this interrogatory response, as needed, following such productions. *See* Fed. R. Civ. P. 33(d).

**Interrogatory No. 2:**

[7] Identify each and every individual who was involved in the accommodation decisions for the Plaintiffs, and [8] any and all written reports/analysis Defendants used to deny the accommodations during recruit training.

**Objections to Interrogatory No. 2:** Defendants incorporate by reference their prior objections.

As explained above, Defendants object to Plaintiffs' characterization of this interrogatory as one interrogatory, when it contains at least two "discrete subparts," marked in brackets above.  Fed. R. Civ. P. 33(a); *Banks*, 222 F.R.D. at 10 ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.").  Defendants will therefore consider this interrogatory to count as two interrogatories for purposes of the 15-interrogatory limit established by the Court's Minute Order (Sept. 22, 2022).

Defendants also object to the extent this interrogatory calls for information outside of Marine Corps recruit training.  As explained in General Objection Nos. 1 & 8, such information is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in recruit training.

Defendants further object because the term "involved" is vague and ambiguous. Defendants construe this term to reference only individuals who participated in the decionmaking process regarding Plaintiffs' accommodation requests.

**Response to Interrogatory No. 2:** Subject to and without waiving the above objections, the following individuals participated in the decionmaking process regarding Plaintiffs' accommodation requests:

## J. Sing

- Lieutenant (LT) Matthew T. Fisher, Chaplain Corps (CHC), U.S. Navy (USN), Chaplain, Recruiting Station (RS) Houston

- Lieutenant Colonel (LtCol) Courtney J. Boston, USMC, Commanding Officer (CO), RS Houston

- Colonel (Col) Dennis A. Sanchez, USMC, CO, 8th Marine Corps District (MCD)

- Brigadier General (BGen) Jason L. Morris, USMC, Commanding General (CG), Marine Corps Recruit Depot San Diego (MCRD)/Western Recruiting Region (WRR)

- Major General (MGen) Jason Q. Bohm, USMC, CG, Marine Corps Recruiting Command (MCRC)

- BGen Matthew T. Mowery, USMC, Assistant Deputy Commandant (ADC) for Aviation [Religious Accommodation Review Board (RARB) Senior Member]

- Sergeant Major (SgtMaj) Ronda Kirkby, USMC, SgtMaj MM Division, Manpower and Reserve Affairs (M&RA).

- Master Gunnery Sergeant (MGySgt) Patrick Roberts, USMC, Senior Enlisted Advisor, MMRP Branch, M&RA.

- Lieutenant General (LtGen) David A. Ottignon, USMC, Deputy Commandant (DC), M&RA, Headquarters, U.S. Marine Corps (HQMC)

## A. Sing

- Commander (CDR) Michael Phillips, CHC, USN, Chaplain, 12th MCD

- Major (Maj) Chun H. Park, USMC, CO, RS San Francisco

- LtCol John F. Campbell, USMC, Executive Officer, 12th (MCD)

- BGen Jason L. Morris, USMC, CG, MCRD/WRR

- MGen Jason Q. Bohm, USMC, CG, MCRC

- BGen George B. Rowell IV, USMC, Assistant Wing Commander, 1st Marine Aircraft Wing [RARB Senior Member]

- SgtMaj Raphael Rodriguez, USMC, SgtMaj M&RA.

- MGySgt S. Patrick Roberts, USMC.

- LtGen David A. Ottignon, USMC, DC, M&RA, HQMC

**M. Chahal**

- CDR Michael L. Phillips, CHC, USN, Chaplain, 12th MCD

- Maj Cody L. Hardenburgh, Executive Officer, 2nd Light Armored Reconnaissance Battalion, 2nd Marine Division

- LtCol S. F. Welch, USMC, Executive Officer, 12th (MCD)

- BGen Jason L. Morris, USMC, CG, MCRD/WRR

- MGen Jason Q. Bohm, USMC, CG, MCRC

- BGen Ahmed T. Williamson, USMC, Deputy Director Operations (J3), U.S. Cyber Command [RARB Senior Member]

- SgtMaj Raphael Rodriguez, USMC, SgtMaj M&RA.

- SgtMaj Daniel Magrum, USMC, SgtMaj MP Division, M&RA.

- LtGen David A. Ottignon, USMC, DC, M&RA, HQMC

        As to the "written reports/analysis Defendants used to deny the accommodations during recruit training," Defendants state the following:

| Document | Author | Date Created | Description |
|---|---|---|---|
| **A. Singh** | | | |
| Request for Pre-Accession Religious Accommodation | A. Singh | 1 Mar 2021; 3 Nov 2021 | AA Form/RAR; Statement of Understanding (SOU) |
| RAR Supporting Documents | Various Sources | 3 Dec 2021; 4 Feb 2021; 29 Oct 2020; | Applicant Letter; Rep. J. Speier Letter; Sikh Coalition Memo of 4 Feb 2021 with Exhibits: <br>• Army Directive 2016-34 <br>• Army Directive 2017-03 <br>• Army Field Manual <br>Rep. J. Speier Letter |
| Chaplain Memo | CDR M. Phillips | 16 Nov 2021 | Chaplain's Assessment and Interview Checklist |
| Enlistment Waiver | Maj C.H. Park | 24 Nov 201 | Waiver Information and Interview Form |
| Recruiting District Endorsement | LtCol J.F. Campbell | 29 Nov 201 | CO Endorsement |

| WRR Endorsement | BGen J.L. Morris | [undated] | CG Endorsement |
|---|---|---|---|
| MCRC Endorsement | MajGen J.Q. Bohm | 22 Dec 2021 | CG Endorsement |
| RARB Report | BGen Mowrey | 11 Jan 2022 | RARB Recommendation and Summary |
| **J. Singh** | | | |
| Request for Pre-Accession Religious Accommodation | J. Singh | 24 Nov 2021 | Religious Accommodation Request (RAR) and Statement of Understanding (SOU) |
| RAR Supporting Documents | Various Sources (USMC, USN, and Applicant) | Oct 2020 – Nov 2021 | Enlistment Forms w/Photos, Medical/Waiver, and Qualification Information |
| Chaplain Memo | LT M.T. Fisher | 29 Nov 2021 | Chaplain's Assessment and Interview Checklist |
| Request for Pre-Accession Religious Accommodation | J. Singh | 24 Nov 2021 | Religious Accommodation Request (RAR) and Statement of Understanding (SOU) |
| Enlistment Waiver | Maj C.J. Boston | 30 Nov 201 | Waiver Information and Interview Form |
| Recruiting District Endorsement | Col D. A. Sanchez | [undated] | CO Endorsement |
| WRR Endorsement | BGen J.L. Morris | [undated] | CG Endorsement |
| MCRC Endorsement | MajGen J.Q. Bohm | 9 Dec 2021 | CG Endorsement |
| RARB Report | BGen Mowrey | 16 Dec 2021 | RARB Recommendation and Summary |
| **M. Chahal** | | | |
| Request for Pre-Accession Religious Accommodation | M. Chahal | 24 Nov 2021 | Religious Accommodation Request (RAR) and Statement of Understanding (SOU) |
| RAR Supporting Documents | Various Sources (USMC, USN, and Applicant) | May 2021 | Enlistment Forms w/Photos, Draft Insert for RA Submission, Medical, and Qualification Information |
| Chaplain Memo | CDR M.L. Phillips | 9 Jun 2021 | Chaplain's Assessment and Interview Checklist |
| Enlistment Waiver | Various USMC | 22 Jun 2021 | Enlistment Waiver Screening Form |

15

| Enlistment Waiver | Maj C.L. Hardenburgh | 22 Jun 2021 | Waiver Information and Interview Form |
|---|---|---|---|
| Recruiting Station Waiver Request | Maj C.L. Hardenburgh | 2 Jun 2021 | CO Waiver Request Letter |
| Recruiting District Endorsement | LtCol S. F. Welch | 10 Jun 2021 | CO Endorsement |
| WRR Endorsement | BGen J.L. Morris | [undated] | CG Endorsement |
| MCRC Endorsement | MajGen J.Q. Bohm | 9 Dec 2021 | CG Endorsement |
| RARB Report | BGen Mowrey | 16 Dec 2021 | RARB Recommendation and Summary |

Defendants note that information responsive to this interrogatory, to the extent it is not privileged, may be derived from a review of certain documents that will be provided to Plaintiffs in upcoming document productions.  *See, e.g.*, Defs.' Resp. to Pls.' Req. for Produc. No. 6.  Defendants will supplement this interrogatory response, as needed, following such productions.  *See* Fed. R. Civ. P. 33(d).

**Interrogatory No. 3:**
[9] Identify each and every individual over the past 15 years who has gone through Officer Candidate School and/or [10] the Naval Academy who has received grooming waivers or accommodations, including but not limited to religious accommodations, waivers for medical beards, face/neck/hand tattoos waivers, and waivers for hairstyles.

**Objections to Interrogatory No. 3:** Defendants incorporate by reference their prior objections.

As explained above, Defendants object to Plaintiffs' characterization of this interrogatory as one interrogatory, when it contains at least two "discrete subparts," marked in brackets above.  Fed. R. Civ. P. 33(a).  Defendants will therefore consider this interrogatory to count as two interrogatories for purposes of the 15-interrogatory limit established by the Court's Minute Order (Sept. 22, 2022).

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files, including information dating back to 2007, individualized information regarding

16

"waivers for medical beards," and information regarding "face/neck/hand tattoos waivers." As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for religious accommodations in 2021 and 2022. This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation." Rule 26(f) Report at 1, ECF No. 54

Defendants also object to the extent this interrogatory calls for information from the Naval Academy, which is outside of the Marine Corps. As explained in General Objection No. 1, such information is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in recruit training.

Defendants further object to the generic phrase "grooming waivers or accommodations" as vague and ambiguous. This interrogatory's reference to "waivers for hairstyles" is similarly vague and ambiguous. Defendants are not aware of any process for waiver from the hair length or style component of the grooming standards except insofar as hair length or style may be a component of a request for religious accommodation. So Defendants construe this request to seek information regarding medical waivers from shaving requirements and requests for exemptions from grooming standards based on religion.

Defendants also object because the phrase "individual . . . who has gone through Officer Candidate School . . . who has received grooming waivers or accommodations" is vague and ambiguous. Defendants construe this term to reference only individuals who requested grooming waivers or accommodations during Officer Candidate School itself,

not anyone who went through Officer Candidate School and later requested a grooming waiver or accommodation at any time after Officer Candidate School.

**Response to Interrogatory No. 3:** Subject to and without waiving the above objections, Defendants state that there have been no requests for religious-based exemptions from grooming standards in Officer Candidate School for the past 10 years.

As for "waivers for medical beards," Officer Candidate School only has aggregated data on temporary medical exemptions granted for Pseudofolliculitis barbae for permanent staff and candidates treated at the OCS Satellite Clinic, Naval Health Clinic Quantico. From November 2014 to November 2022, the OCS Clinic recorded a total number of 138 cases of Pseudofolliculitis barbae resulting in an individual receiving a temporary medical exemption. This data does not delineate between unique and follow-up cases or between permanent staff and candidates.

**Interrogatory No. 4:**
[11] Identify each and every training, study, research, report, or other analysis used as the basis for Defendants' decisions that led to the policy change in the early 1980s that resulted in the termination of religious accommodations for Sikhs and other religious minorities.

**Objections to Interrogatory No. 4:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files, including information going back over four decades. As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022. This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in

dispute at this stage of the litigation." Rule 26(f) Report at 1, ECF No. 54. It is further burdensome and disproportional to the needs of the case for Defendants to attempt to find historical decades-old historical materials related to a "policy change in the early 1980s." This information has only tangential, if any, relevance "to plaintiffs' claims concerning participation in recruit training." Minute Order (Sept. 22, 2022).

Defendants also object to the extent this interrogatory calls for information outside the Marine Corps. As explained in General Objection No. 1, such information—especially in the context of an interrogatory about a "policy change in the early 1980s"—is grossly overbroad, unduly burdensome, and disproportional to the needs of the case.

Defendants also object because the phrase "policy change in the early 1980s" is vague and ambiguous. To the extent Plaintiffs believe such a policy change occurred in the Marine Corps, they must specifically identify it by name and with other information sufficient for Defendants to form response.

**Response to Interrogatory No. 4:** Subject to and without waiving the above objections, Defendants are not aware of any "policy change in the early 1980s that resulted in the termination of religious accommodations for Sikhs and other religious minorities" in the Marine Corps.

**Interrogatory No. 5:**
[12] Identify each and every training, study, research, report, or other analysis on religious accommodations recruits receive, including but not limited to dietary accommodations and opportunities for worship/prayer on days other than Sunday.

**Objections to Interrogatory No. 5:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files. As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and

databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022.  This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation."  Rule 26(f) Report at 1, ECF No. 54.

**Response to Interrogatory No. 5:** Subject to and without waiving the above objections, below is a list of materials describing the training that recruits receive:

- Recruit Training Master (Male) M068083 – Program of Instruction v. FY20 MCRD Parris Island
- Recruit Training Master (Male) M088085 – Program of Instruction v. FY20 – MCRD San Diego

Defendants note that information responsive to this interrogatory, to the extent it is not privileged, may be derived from a review of certain documents that will be provided to Plaintiffs in upcoming document productions.  Defendants will supplement this interrogatory response, as needed, following such productions.  *See* Fed. R. Civ. P. 33(d).

**Interrogatory No. 6:**
[13] Identify each and every training, study, research, report, or other analysis on training Marine Corps drill instructors receive on religious tolerance/nondiscrimination, including but not limited to [14] who is responsible for creating and providing the training, [15] when the training was created, and [16] how often it is provided.

**Objections to Interrogatory No. 6:** Defendants incorporate by reference their prior objections.

As explained above, Defendants object to Plaintiffs' characterization of this interrogatory as one interrogatory, when it contains at least four "discrete subparts," marked in brackets above.  Fed. R. Civ. P. 33(a); *Banks*, 222 F.R.D. at 10 (while parties may generally "subdivide interrogatories so that after they introduce a topic, they demand to know in detail all the particulars about it," that "approach ends [ ] the moment the interrogatory

introduces a new topic that is in a distinct field of inquiry"); *id.* ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.").  Defendants will therefore consider this interrogatory to count as four interrogatories for purposes of the 15-interrogatory limit established by the Court's Minute Order (Sept. 22, 2022).

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files.  As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022.  This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation."  Rule 26(f) Report at 1, ECF No. 54.

**Response to Interrogatory No. 6:** Subject to and without waiving the above objections, below is a list of materials that Marine Corps drill instructors receive:

- 2020 Drill Instructor School MCRDSD – Program of Instruction

- 2020 Drill Instructor School MCRDPI – Program of Instruction

**Interrogatory No. 7:**
[17] Identify each and every complaint, study, research, report, complaint, investigation, or other analysis of incidents of discrimination reported by racial, ethnic or religious minority recruits during Marine Corps recruit and officer training over the past 15 years.

**Objections to Interrogatory No. 7:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files, including information dating back to 2007.  As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022.  This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation."  Rule 26(f) Report at 1, ECF No. 54.

Defendants also object to this interrogatory because a request for instances of discrimination during Marine Corps recruit training is irrelevant in numerous ways.  Plaintiffs have not alleged any claims about discriminatory conduct at Marine Corps recruit training.  Indeed, the entire premise of this litigation is Plaintiffs' contention they are unable to participate in recruit training because of their religious commitments.  And there is no apparent basis to say that alleged instances of discrimination by individual recruits or Marines at recruit training over a 15-year period would be relevant to any aspect of Plaintiffs' claims challenging the Marine Corps' resolution of their accommodation requests.  This is especially true for "each and every complaint, study, research, report, complaint, investigation, or other analysis of incidents of discrimination reported by" racial minority recruits or ethnic minority recruits.  Phase I discovery concerns only Plaintiffs' requests for religious accommodations; this case has nothing to do with racial or ethnic discrimination.  So any such request is disproportional to the needs of the case and, as noted above, unduly burdensome.

Defendants also object to the phrase "recruit and officer training" as vague and ambiguous.  To the extent Plaintiffs request information about "officer training" as dis-

tinct from "recruit" training, Defendants object for the reasons explained in General Objection Nos. 7 & 8: Phase I discovery is limited to only "plaintiffs' claims concerning participation in recruit training."  Minute Order (Sept. 22, 2022).  Any information beyond Marine Corps recruit training is overbroad, unduly burdensome, and disproportional to the needs of this case.

Defendants further object to this request because it exceeds the limit of interrogatories permitted by the Court's Minute Order (Sept. 22, 2022).

Accordingly, Defendants will not respond to this request.

**Interrogatory No. 8:**
[18] Identify each and every complaint, study, research, report, or other analysis that relates dress/grooming habits and uniformity during recruit training and/or Marine Corp service to good order, unit cohesion, and national security over the past 15 years.

**Objections to Interrogatory No. 8:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files, including information dating back to 2007.  As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022.  This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation."  Rule 26(f) Report at 1, ECF No. 54.

Defendants also object to the phrase "recruit training and/or Marine Corp service" as vague and ambiguous.  To the extent Plaintiffs request information about "Marine

Corp service" as distinct from "recruit training," Defendants object for the reasons explained in General Objection Nos. 7 & 8: Phase I discovery is limited to only "plaintiffs' claims concerning participation in recruit training." Minute Order (Sept. 22, 2022). Any information beyond Marine Corps recruit training is overbroad, unduly burdensome, and disproportional to the needs of this case.

Defendants also object to this request because it exceeds the limit of interrogatories permitted by the Court's Minute Order (Sept. 22, 2022).

Accordingly, Defendants will not respond to this request.

**Interrogatory No. 9:**
[19] Identify each and every complaint, study, research, report, or other analysis that relates visible tattoos and uniformity during recruit training and/or Marine Corp service to good order, unit cohesion, and national security over the past 15 years.

**Objections to Interrogatory No. 9:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files, including information dating back to 2007. As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022. This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation." Rule 26(f) Report at 1, ECF No. 54.

Defendants also object to the phrase "recruit training and/or Marine Corp service" as vague and ambiguous. To the extent Plaintiffs request information about "Marine

Corp service" as distinct from "recruit training," Defendants object for the reasons explained in General Objection Nos. 7 & 8: Phase I discovery is limited to only "plaintiffs' claims concerning participation in recruit training." Minute Order (Sept. 22, 2022). Any information beyond Marine Corps recruit training is overbroad, unduly burdensome, and disproportional to the needs of this case.

Defendants also object to this request because it exceeds the limit of interrogatories permitted by the Court's Minute Order (Sept. 22, 2022).

Accordingly, Defendants will not respond to this request.

**Interrogatory No. 10:**
[20] Identify each and every complaint, study, research, report, or other analysis that relates women's hairstyles and uniformity during recruit training and/or Marine Corp service to good order, unit cohesion, and national security over the past 15 years.

**Objections to Interrogatory No. 10:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files, including information dating back to 2007. As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022. This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation." Rule 26(f) Report at 1, ECF No. 54.

Defendants also object to the phrase "recruit training and/or Marine Corp service" as vague and ambiguous. To the extent Plaintiffs request information about "Marine

Corp service" as distinct from "recruit training," Defendants object for the reasons explained in General Objection Nos. 7 & 8: Phase I discovery is limited to only "plaintiffs' claims concerning participation in recruit training."  Minute Order (Sept. 22, 2022).  Any information beyond Marine Corps recruit training is overbroad, unduly burdensome, and disproportional to the needs of this case.

Defendants also object to this request because it exceeds the limit of interrogatories permitted by the Court's Minute Order (Sept. 22, 2022).

Accordingly, Defendants will not respond to this request.

**Interrogatory No. 11:**
[21] Identify each and every medical beard accommodation, waiver, and/or exemption request since the inception of the waiver, including for recruits during recruit training; and state the following: (a) the name of the individual who received the accommodation, waiver, and/or exemption; (b) the rank and position/assignment of the individual at the time the accommodation, waiver, and/or exemption was granted; the nature of and reason for the accommodation, waiver, and/or exemption; [22] (c) the duration of the accommodation, waiver, and/or exemption; [23] (d) the current rank and assignment of the recipient if the accommodation, waiver, and/or exemption continues to date; (e) the highest rank achieved by the recipient if he or she is no longer in military service; [24] (f) whether the accommodation prevented the individual who received the accommodation, waiver, and/or exemption from wearing a protective face mask or other protective face gear; and [25] (g) any reports or data relied upon in the decision making process.

**Objections to Interrogatory No. 11:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files, including information dating back to "the inception" medical beard waivers.  As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case,

which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022.  This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation."  Rule 26(f) Report at 1, ECF No. 54.

As explained above, Defendants further object to Plaintiffs' characterization of this interrogatory as one interrogatory, when it contains at least five "discrete subparts," marked in brackets above.  Fed. R. Civ. P. 33(a); *Banks*, 222 F.R.D. at 10 (while parties may generally "subdivide interrogatories so that after they introduce a topic, they demand to know in detail all the particulars about it," that "approach ends [ ] the moment the interrogatory introduces a new topic that is in a distinct field of inquiry"); *Id.* ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.").  Regardless, Defendants object to this request because it exceeds the limit of interrogatories permitted by the Court's Minute Order (Sept. 22, 2022).

Defendants also object to this interrogatory because it is largely duplicative of Interrogatory No. 1 and would therefore be unnecessarily cumulative and burdensome for Defendants to answer.  Plaintiffs are directed to Defendants' response to Interrogatory No. 1.

Accordingly, Defendants will not respond to this request.

**Interrogatory No. 12:**
[26] Identify each and every tattoo accommodation, waiver, and/or exemption request (including hand/neck/face/tattoos) since the inception of the waiver, including for recruits during basic training; and state the following: (a) the name of the individual who received the accommodation, waiver, and/or exemption; (b) the rank and position/assignment of the individual at the time the accommodation, waiver, and/or exemption was granted; [27] (c) the nature of and reason for the accommodation, waiver, and/or exemption; the duration of the accommodation, waiver, and/or exemption;

[28] (d) the current rank and assignment of the recipient if the accommodation, waiver, and/or exemption continues to date; and (e) the highest rank achieved by the recipient if he or she is no longer in military service; and [29] (f) any reports or data relied upon in the decision making process.

**Objections to Interrogatory No. 12:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files, including information dating back to "the inception" of tattoo waivers.  As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022.  This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation."  Rule 26(f) Report at 1, ECF No. 54.

As explained above, Defendants further object to Plaintiffs' characterization of this interrogatory as one interrogatory, when it contains at least four "discrete subparts," marked in brackets above.  Fed. R. Civ. P. 33(a); *Banks*, 222 F.R.D. at 10 (while parties may generally "subdivide interrogatories so that after they introduce a topic, they demand to know in detail all the particulars about it," that "approach ends [ ] the moment the interrogatory introduces a new topic that is in a distinct field of inquiry"); *Id.* ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.").  Regardless, Defendants object to this request because it exceeds the limit of interrogatories permitted by the Court's Minute Order (Sept. 22, 2022).

Defendants also object to this interrogatory because it is largely duplicative of Interrogatory No. 1 and would therefore be unnecessarily cumulative and burdensome for Defendants to answer.  Plaintiffs are directed to Defendants' response to Interrogatory No. 1.

Accordingly, Defendants will not respond to this request.

**Interrogatory No. 13:**
[30] Identify the time period when current uniform and grooming standards at Marine Corps recruit training were first implemented and [31] identify every complaint, study, research, report, or other analysis that relates to its implementation.

**Objections to Interrogatory No. 13:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files.  As explained in General Objection No. 9, information that is not readily available — such as information from known and discrete shared drives, SharePoint locations, and databases — is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022.  This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation."  Rule 26(f) Report at 1, ECF No. 54.  It is further burdensome and disproportional to the needs of the case for Defendants to find this historical "time period when current uniform and grooming standards at Marine Corps recruit training were first implemented" and attempt to "identify every complaint, study, research, report, or other analysis that relates to its implementation."  This information has only tangential, if any, relevance "to plaintiffs' claims concerning participation in recruit training." Minute Order (Sept. 22, 2022).

Defendants also object to the phrase "current uniform and grooming standards" as vague and ambiguous.

As explained above, Defendants further object to Plaintiffs' characterization of this interrogatory as one interrogatory, when it contains at least two "discrete subparts," marked in brackets above. Fed. R. Civ. P. 33(a); *Banks*, 222 F.R.D. at 10 ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories."). Regardless, Defendants object to this request because it exceeds the limit of interrogatories permitted by the Court's Minute Order (Sept. 22, 2022).

Accordingly, Defendants will not respond to this request.

**Interrogatory No. 14:**
[32] Identify any time period when the uniform and grooming standards at basic training differed from the current standards and state the following: [33] (a) how they differed; and [34] (b) describe any reports or data used in consideration of implementing those standards.

**Objections to Interrogatory No. 14:** Defendants incorporate by reference their prior objections.

Defendants separately object to this interrogatory to the extent it calls for producing information that is not readily available from the Marine Corps' data systems and files. As explained in General Objection No. 9, information that is not readily available—such as information from known and discrete shared drives, SharePoint locations, and databases—is overbroad, unduly burdensome, and disproportional to the needs of the case, which involves the Marine Corps' denial of Plaintiffs' requests for accommodations in 2021 and 2022. This burden is especially great and disproportional here given the expedited deadline for Defendants' interrogatory responses and the parties' agreement that the "core factual issues are not in dispute at this stage of the litigation." Rule 26(f) Report at 1, ECF No. 54. It is further burdensome and disproportional to the needs of the case

for Defendants to compare and contrast uniform and grooming standards at recruit training across decades and attempt to "describe any reports or data used in consideration of implementing those standards."  This information has only tangential, if any, relevance "to plaintiffs' claims concerning participation in recruit training." Minute Order (Sept. 22, 2022).

Defendants also object to the phrase "current" "uniform and grooming standards" as vague and ambiguous.

As explained above, Defendants further object to Plaintiffs' characterization of this interrogatory as one interrogatory, when it contains at least three "discrete subparts," marked in brackets above.  Fed. R. Civ. P. 33(a).  Regardless, Defendants object to this request because it exceeds the limit of interrogatories permitted by the Court's Minute Order (Sept. 22, 2022).

Accordingly, Defendants will not respond to this request.

As to Interrogatories, see Verification pages *infra*.

As to objections:

Dated:  November 14, 2022                    BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General

                                             ANTHONY J. COPPOLINO
                                             Deputy Director, Federal Programs Branch

                                             */s/ Stephen Ehrlich*
                                             STEPHEN EHRLICH
                                             JAMES R. POWERS
                                             Trial Attorneys
                                             U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L Street, NW
                                             Washington, DC 20005
                                             Telephone: (202) 305-9803
                                             Email: stephen.ehrlich@usdoj.gov

                                             *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing discovery requests upon the following counsel of record by email on October 21, 2022.

Eric S. Baxter
Email: ebaxter@becketlaw.org

Daniel H. Blomberg
Email: dblomberg@becketlaw.org

Daniel D. Benson
Email: dbenson@becketlaw.org

Diana Marie Verm Thomson
Email: dthomson@becketlaw.org

Laura Wolk
Email: lwolk@becketlaw.org

Amandeep S. Sidhu
Email: asidhu@winston.com

Amrith Kaur Aakre
Email: amrith@sikhcoalition.org

Giselle Klapper
Email: giselle@sikhcoalition.org

*Counsel for All Plaintiffs*

Brian Song
Email: bsong@bakerlaw.com

Matthew Cowherd
Email: mcowherd@bakerlaw.com

*Counsel for Plaintiff Jaskirat Singh*


/s/ Stephen Ehrlich
Stephen Ehrlich
*Counsel for Defendants*

## VERIFICATION OF INTERROGATORIES

### For Interrogatories 1 through 3:

I hereby certify under penalty of perjury that the foregoing responses to interrogatories that concern exceptions to U.S. Marine Corps uniform and grooming standards as religious accommodations during entry level training are true and correct to the best of my information, knowledge, and belief.

Dated: November 14, 2022

X   Adam L Jeppe

A. L. JEPPE, Colonel, U.S. Marine Corps
Head, Military Personnel Policy Branch, M&RA
Signed by: d433fc48-da7f-4bfa-8268-af26855cd88b

## VERIFICATION OF INTERROGATORIES

### For Interrogatory No. 4:

I hereby certify under penalty of perjury that the foregoing response to the interrogatory concerning training, study, research, report, or other analysis used as the basis for any policy change in the early 1980s that may have resulted in the termination of religious accommodations for Sikhs and other religious minorities is true and correct to the best of my information, knowledge, and belief.

Dated: November 14, 2022

Mary Boyt Shapleigh
Program Manager, Permanent
Marine Corps Uniform Board
United States Marine Corps

## VERIFICATION OF INTERROGATORIES

### For Interrogatories 5 and 6:

I hereby certify under penalty of perjury that the foregoing responses to interrogatories that concern interrogatories 5 and 6 are true and correct to the best of my information, knowledge, and belief.

Dated: November 14, 2022

Colonel Jason S. Freeby
AC/S G3, TECOM
United States Marine Corps