IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUKHBIR SINGH TOOR, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID H. BERGER, Commandant of the Marine Corps, *et al.*,<br><br>    Defendants. | Case No. 22-cv-1004-RJL |

**JOINT STATUS REPORT**

Pursuant to the Court's Order at the Status Conference held April 18, 2023, the Parties, through their respective undersigned counsel, respectfully submit the instant Joint Status Report.

1. To date, this litigation has been bifurcated for discovery and other scheduling purposes into two phases.

2. Phase I concerned Plaintiff Jaskirat Singh and then-Plaintiffs Milaap Singh Chahal and Aekash Singh's requests to attend Marine Corps recruit training at Marine Corps Recruit Depot San Diego with certain religious accommodations from uniform and grooming standards. Following the entry of an opinion and judgment by the U.S. Court of Appeals for the D.C. Circuit, this Court entered a preliminary injunction in favor of Plaintiff Jaskirat Singh, permitting him to attend recruit training with religious accommodations specified in the order.  *See* ECF No. 90. Milaap Chahal and Aekash Singh have been dismissed as Plaintiffs from this litigation in light of stipulations filed by the Parties.  ECF Nos. 86–88.

3. On August 11, 2023, Plaintiff Jaskirat Singh graduated from training at the Marine Corps Recruit Depot San Diego after successfully completing recruit training with his articles of

faith intact. Plaintiff Jaskirat Singh graduated from training with the rank of Private First Class ("PFC") and was subsequently promoted to Lance Corporal ("LCpl"). Accordingly, Phase I of this litigation has concluded.

4. Phase II of this litigation concerns the Marine Corps' resolution of the religious accommodation request of Plaintiff Captain Sukhbir Singh Toor and the aspect of Plaintiff LCpl Jaskirat Singh's request concerning his post-recruit training service, including the restrictions on Plaintiffs' deployment locations while maintaining unshaven beards. The Marine Corps has concerns as to gas mask functionality for persons with unshaven beards that, *inter alia*, formed a basis for its partial denial of Plaintiffs' religious accommodation requests.

5. As previously reported, a November 15, 2021, memorandum issued by Secretary of the Navy Carlos Del Toro entitled "Department of the Navy Diversity, Equity, and Inclusion Going Forward" (the "Navy Memo"), directed, *inter alia*, that the Assistant Secretary of the Navy (Energy, Installations and Environment) "coordinate with the Navy and Marine Corps to initiate a study examining the impacts of facial hair on gas mask functionality." The Naval Health Research Center in San Diego's report regarding this study was transmitted to the Secretary of the Navy for his review and consideration, and on November 21, 2023, Defendants voluntarily produced a copy of the report to Plaintiffs under the terms of the Protective Order entered in this case. *See* ECF No. 56.

6. On December 14, 2023, after completing his review of the above-mentioned gas mask study and report, Secretary Del Toro issued a memorandum "direct[ing] the Assistant Secretary of the Navy (Manpower and Reserve Affairs) to review the technical report and coordinate with the Services on an immediate assessment of the report's impact as applied to religious accommodation and medical waiver policies both at sea and ashore, to include whether

bringing parity to the Department's policies for accommodating beards is operationally supportable and prudent."  The December 14 memorandum further directs the Assistant Secretary of the Navy (Energy, Installations, and Environment) to "support the above efforts by ensuring, prior to implementation, any actions maintain the integrity of regulatory safety compliance" and to "conduct a Department of the Navy-wide policy review to ensure complete compliance with respiratory protection regulatory requirements."  The memorandum directs both Assistant Secretaries to inform Secretary Del Toro within 180 days of "actions, if any, taken or proposed to be taken in the future" with respect to these directives.  Defendants also voluntarily produced a copy of the December 14 memorandum to Plaintiffs under the terms of the Protective Order entered in this case.  *See* ECF No. 56.

7. Consistent with the Court's Order, the Parties will submit a further Joint Status Report within 45 days.

Respectfully submitted this 30th day of May, 2024.

| | |
|---|---|
| By: */s/ Amandeep S. Sidhu*<br>Amandeep S. Sidhu (D.C. Bar No. 978142)<br>**WINSTON & STRAWN LLP**<br>1901 L St., NW<br>Washington, DC, 20036-3506<br>(202) 282-5828 phone<br>asidhu@winston.com<br><br>Eric S. Baxter (D.C. Bar No. 479221)<br>Daniel Blomberg (D.C. Bar No. 1032624)<br>Diana Verm Thomson (D.C. Bar No. 1811222)<br>Laura Wolk (D.C. Bar No. 1643193)<br>**THE BECKET FUND FOR RELIGIOUS LIBERTY**<br>1919 Pennsylvania Ave. NW, Suite 400<br>Washington, DC, 20006<br>(202) 955-0095 phone<br>(202) 955-0090 fax<br>ebaxter@becketlaw.org | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>LAUREN A. WETZLER<br>Deputy Director, Federal Programs Branch<br><br>*/s/ Stephen Ehrlich*<br>STEPHEN EHRLICH<br>Attorney<br>**U.S. DEPARTMENT OF JUSTICE**<br>Civil Division, Federal Programs Branch<br>Peter W. Rodino, Jr. Federal Building<br>970 Broad Street, 7th Floor<br>Newark, NJ 07102<br>Telephone: (202) 305-9803<br>Email: stephen.ehrlich@usdoj.gov<br><br>*Counsel for Defendants* |

Nasir Hussain (Admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL, 60601
(312) 558-3761 phone
(312) 558-5700 fax
*nhussain@winston.com*

Giselle Klapper (Admitted *pro hac vice*)
Marissa Rossetti (Admitted *pro hac vice)*
**THE SIKH COALITION**
165 Broadway St., Office 2359
New York, NY 10006
(847) 786-5839 phone
*amrith@sikhcoalition.org*
*giselle@sikhcoalition.org*
*marissa@sikhcoalition.org*

*Counsel for All Plaintiffs*

Brian W. Song (Admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200 phone
*bsong@bakerlaw.com*

*Counsel for Plaintiff Jaskirat Singh*

4